UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **YELENA YUSTIZ ANDUEZA;** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**DEPARTMENT OF HOMELAND SECURITY**; )<br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**; )<br>**KRISTI NOEM;** )<br>Secretary Of The Department Of Homeland )<br>Security; )<br>**JOSEPH EDLOW**; )<br>Director of U.S. Citizenship And Immigration )<br>Services; and, )<br>**DARICE ALVERTOS**; )<br>Director of U.S. Citizenship And Immigration )<br>Chicago Asylum Office; )<br>)<br>Defendants. )<br>) | No. 26-cv-2<br><br>COMPLAINT FOR<br>INJUNCTIVE AND<br>MANDAMUS RELIEF |

## INTRODUCTION

1. Plaintiff brings this mandamus action to compel the Defendants to complete the adjudication of her Application for Asylum and Withholding of Removal ("I-589") without further delay. The I-589 was filed on January 26, 2016, and has been pending since that date.

2. Plaintiff's application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time to the detriment of the Plaintiff.

## THE PARTIES

3. Plaintiff Yelena Yustiz Andueza ("Ms. Yustiz Andueza") resides in Milwaukee, Wisconsin, was born in Venezuela, fled to the United States on August 14, 2015, and submitted an Application for

1

Asylum and for Withholding of Removal ("I-589") within the one-year deadline on January 26, 2016.

4. Defendant U.S. Citizenship and Immigration Services ("USCIS") is an agency within Defendant Department of Homeland Security ("DHS"). The DHS, through USCIS, is responsible for the adjudication of I-589's.

5. Defendant Kristi Noem is the Secretary of the DHS. She is the administrative official ultimately responsible for the adjudication of the I-589 that the Plaintiff has filed. She is sued in her official capacity as the Secretary of the Department of Homeland Security, the executive office with authority over USCIS.

6. Defendant Joseph Edlow is the Director of USCIS. He is responsible for the adjudication of the type of application that Plaintiff has filed. He is being sued in his official capacity.

7. Defendant Darice Alvertos is the Asylum Office Director of the USCIS Chicago Asylum Office. She is the executive officer with authority over the department where the I-589 is currently being adjudicated. She is sued in her official capacity.

## JURISDICTION

8. This is a civil action brought pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty), to redress the deprivation of rights, privileges, and immunities secured to Plaintiffs, by which statutes jurisdiction is conferred, to compel Defendants to perform a duty that Defendants owe to Plaintiff. Jurisdiction is further conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedure Act ("APA").

9. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Code of Federal Regulations makes it clear that

USCIS has a mandatory and affirmative duty to adjudicate a properly filed I-589; See 8 U.S.C. § 1158(d)(5)(A)(ii)-(iii) "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application *shall* commence not later than 45 days after the date an application is filed" and "final administrative adjudication of the asylum application, not including administrative appeal, *shall* be completed within 180 days" (emphases added).

10. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security." Because scheduling an interview and rendering a decision on an I-589 is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the sole discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1136-1139 (D. Ariz. 2008) ("Numerous district courts . . . which have addressed this specific issue overwhelmingly conclude that . . . the pace at which USCIS processes . . . applications is nondiscretionary and that [8 U.S.C. § 242(a)(2)(B)(ii)] does not bar judicial review."); *see also Liu v. Novak*, 509 F. Supp. 2d 1, 4-7 (D.D.C. 2007). Through this complaint, Plaintiff is not challenging a decision on her application, as no decision has yet been made. Rather, Plaintiff seeks an order compelling Defendants to render a decision as mandated by 8 U.S.C. § 1158 (d)(5)(A)(ii)-(iii). The relief sought is not discretionary but is, by definition, a mandatory duty. *See Matter of Sealed Case*, 1512 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

11. The APA also requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency fails to render a decision within a reasonable time, the Court has authority under 5 U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed"). As set forth below, scheduling an asylum interview and rendering a decision on the asylum applications are discrete agency actions Defendants are required to take, and the delay in scheduling an interview and rendering a decision on Plaintiff's application is unreasonable.

12. Finally, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, to declare Defendants' failure to act on Plaintiff's I-589 to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA. See *Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C. Cir. 1970). See also 5 U.S.C. §§ 555(b), 706(1), 706(2).

## VENUE

13. Venue is proper in this District under 28 U.S.C. § 1391(e), because the Defendants operate within this district and this is an action against officers and agencies of the United States in their official capacities, brought in the district where the Plaintiff resides and where a substantial part of the events and omissions took place.

## FACTUAL BACKGROUND

14. The filing of an Application for Asylum and for Withholding of Removal ("I-589") with USCIS is the first step to schedule an interview and adjudicate an asylum claim when an applicant is present in the United States and is not currently in removal proceedings. See generally 8 C.F.R. §208.4.

15. Ms. Yustiz Andueza is not, and never has been, in removal proceedings. Ms. Yustiz Andueza filed the I-589 on January 26, 2016. The receipt number ZCH1600006770 was issued on February 6, 2016. Ms. Yustiz Andueza and her derivative family members received a biometrics notice on February 8, 2016, and provided their biometric collection within the 14-day window of February 11, 2016 through February 25, 2016.

16. Over 8 years of waiting later, Ms. Yustiz Andueza received an interview notice with the asylum office for an interview on August 22, 2024. She and her family attended that interview. Since then, she has received no notice for her case, now almost a year and a half after the interview and ten years after filing the original asylum application.

17. According to the USCIS Case Status Online webpage, USCIS says "[y]ou completed your interview" but provides no way to check the processing time.

18. Plaintiff's I-589 application has been pending for almost 10 years as of the filing of this complaint. In that time, Defendants have performed hundreds of thousands of asylum interviews and adjudicated thousands of asylum applications which were filed after Plaintiff's application, though the exact numbers would only be known to Defendants, and therefore to this court, after discovery.

19. On December 2, 2025, Defendant USCIS issued a Policy Memorandum (PM-602-0192) directing all of its staff to "[p]lace a hold on all Forms I-589 (Application for Asylum and for Withholding of Removal) regardless of the alien's country of nationality". The memorandum explains that "all aliens [with pending asylum applications] undergo a thorough re-review process, including a potential interview and, if necessary, a re-interview, to fully assess all national security and public safety threats". Defendants have not provided any timeline or process to allow Plaintiffs to know when they can expect a resumption of asylum processing. Notably, the current Administration has

not ordered a similar pause to the Department of Justice's Executive Office for Immigration Review (commonly referred to as the immigration court) in adjudicating asylum applications.

20. The lack of action by Defendants has led to emotional suffering by Plaintiff as she has been forced to live her life in limbo during this unreasonable delay. Plaintiff has been unable to travel internationally, consistently work, or adjust status. Defendants often justify delays in asylum processing by stating that applicants are eligible to apply for employment authorization, but in this case Plaintiff and her family filed renewals of employment authorization and were not always granted the renewals on time, causing suspension of employment authorization and driver's licenses. In short, the delay caused her and her family extreme financial and emotional distress.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – the adjudication of her properly filed I-589, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application for 10 years since receiving the application. The Plaintiff has no other adequate remedy available for the harm she seeks to redress – the failure of USCIS to adjudicate her asylum application in a timely manner.

## CLAIMS

22. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002). Ms. Yustiz Andueza meets these criteria.

23. First, Plaintiff has a clear right to the relief requested, as she has fully complied with all the statutory and regulatory requirements for filing an I-589. Defendants have willfully and unreasonably failed to adjudicate her application or provide any information about the status of

the application. Defendants are required by regulation to make a decision on Plaintiff's petition. *See* 8 U.S.C. §1158; 8 C.F.R. § 208.9(a). Moreover, pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

24. Second, Defendants have a clear duty to act upon and adjudicate the Plaintiff's I-589. This duty is owed under the INA and the federal regulations. *See* 8 C.F.R. § 208.9(a). See also *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) ("When the suit is one challenging government action or inaction, [and] the plaintiff is himself an object of the action (or foregone action) at issue, . . . there is ordinarily little question that the action or inaction caused him injury, and that a judgment preventing or requiring the action will redress it."); *Manmohanjit Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007) (noting that regulations reflect a nondiscretionary duty to process applications for immigration benefits).

25. Congress originally provided a deadline of 45 days to conduct an initial interview, and 180 days to adjudicate an application, though we concede this was prior to the immigration surge the previous few years. 8 U.S.C. § 1158 (d)(5)(A)(ii)-(iii). Admittedly, 8 U.S.C. § 1158(d)(7) bars a private right of action to enforce those timing requirements, the deadlines provided by Congress help courts determine the reasonableness of any delays, because there is a nondiscretionary duty to take such action within a reasonable period of time. See 5 U.S.C. §§ 555(b), 706(1). Further, Congress created a guideline of adjudicating immigration benefits within 180 days under 8 U.S.C. § 1571(b). Defendants in this case have had a decade, however, during which time they have adjudicated hundreds of thousands of applications. They have failed to perform their duty to Plaintiff and have far exceeded Congressional guidelines.

26. Third, the Court should compel Defendants to quickly issue a decision on Plaintiff's long-pending application, because no other adequate remedy is available to Plaintiff. Defendants have inexplicably and unreasonably failed to perform their clear duty to act. They have had a decade to vet Plaintiff and her family for security issues, and in that time allowed them to live in the United States. Plaintiffs have no negative police contact during that time, and have opened multiple businesses in the Milwaukee area. Despite Plaintiff's filing of all necessary documentation, no reasonable decision or explanation for the continued delay has been issued and all Defendants have publicly announced they are not adjudicating asylum applications for an indeterminate period of time regardless of the applicant's background, time in the United States, or time with the asylum application pending. Plaintiff has now exhausted all available administrative remedies and mandamus action is appropriate. 28 U.S.C. § 1361; 28 U.S.C. § 1331.

27. Mandamus action is also appropriate because Defendants have failed to act within a reasonable period of time. *Saleem v. Keisler*, 520 F. Supp. 2d 1048, 1055 (W.D. Wis. 2007) (holding that the APA requires the government to act within a reasonable period of time).

28. Generally, in determining what is "unreasonable," courts may look to a variety of factors, including any Congressional guidance on what it considers to be reasonable, internal operating procedures established by the agency, processing times in similar cases, the source of the delay, and the facts of the particular case. See *TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). A court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Saleem*, 520 F. Supp. 2d at 1058-59. The delay in adjudicating Plaintiff's application extends well beyond Congress's guideline of 45 days for immigration benefits under 8 U.S.C. § 1571(b). Again, her application has been pending 9 years, 11 months since filing, and 1 year 5 months since her interview. Considering all these factors, Defendants' delay is plainly unreasonable.

29. Plaintiff is entitled to action on her I-589, because an unreasonable amount of time has passed since the application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of Plaintiff.

30. Defendants' delay is without justification and has forced Plaintiff to resort to this Court for relief, and Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

**RELIEF REQUESTED**

Plaintiff requests this Court to grant the following relief:

(A) Compel Defendants and those acting under them to take all appropriate action to adjudicate Plaintiff's I-589 without further delay;

(B) Retain jurisdiction during the adjudication of the I-589 to ensure compliance with the Court's orders;

(C) Award Plaintiff attorneys' fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA"); and,

(D) Grant such other relief as is appropriate.

Dated this 5th day of January, 2026.

s/ Theodore Chadwick
Theodore J Chadwick
Wisconsin SBN 1095431
Attorney for Plaintiffs
Fernandez, Chadwick & Crouse
3920 W. National Ave.
West Milwaukee, WI 53215
Phone: (414) 643-5676
Fax: (888) 251-6019
teddy@fccimmigrationlaw.com