YELENA YUSTIZ ANDUEZA,

        Plaintiff,

                                     Case No. 26-cv-2-pp

    v.

U.S. DEPARTMENT OF HOMELAND SECURITY,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
MARKWAYNE MULLIN,[1] JOSEPH EDLOW and DARICE ALVERTOS,

        Defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE ANSWER (DKT. NO. 7)

On January 5, 2026, the plaintiff filed a complaint seeking to compel the defendants to adjudicate her application for asylum and withholding of removal, which has been pending for over ten years. Dkt. No. 1. The defendants—all agencies or officers of the federal government—were served with the summons and complaint via certified mail between January 6 and January 13, 2026. Dkt. No. 6. The defendants had sixty days in which to file a response to the complaint; that means that their response deadlines fell between March 7 and March 14, 2026. Federal Rule of Civil Procedure 12(a)(2). Sixty days from the earliest date of service was Saturday, March 7, 2026, so

---

[1] When the plaintiff filed her complaint on January 5, 2026, Kristi Noem was the Secretary of the Department of Homeland Security; the plaintiff named Noem as a defendant. Markwayne Mullin now is Secretary. Under Fed. R. Civ. P. 25(d), Secretary Mullin is automatically substituted as the defendant.

1

the defendants' response deadline rolled to the following Monday, March 9, 2026. Fed. R. Civ. P. (1)(C).

On March 9, 2026, the defendants filed a Civil Local Rule 7(h) Expedited Non-Dispositive Motion requesting a sixty-day extension of time to file an answer or responsive pleading. Dkt. No. 7. The defendants state that United States Citizenship and Immigration Services (USCIS) recently issued two policy memoranda "directing agency personnel to place a hold on the adjudication of Form I-589 applications for asylum, as well as an indefinite hold on pending benefit applications for citizens of certain countries (including the Plaintiff's country of citizenship, Venezuela)." Id. at ¶3. The defendants argue that "[g]iven these recent policy changes, Defendants' counsel is in need of additional time to coordinate with agency personnel and prepare an appropriate response to Plaintiff's Complaint." Id. at ¶5. Those memoranda were issued on December 2, 2025 (PM-602-0192) and January 1, 2026 (PM-602-0194). See USCIS, Policy Memoranda, https://www.uscis.gov/laws-and-policy/policy-memoranda.

The plaintiff opposes the defendants' request. Dkt. No. 8. The plaintiff states that she filed this case in response to the issuance of the cited policy memoranda and seeks a declaratory judgment that the "indefinite pause" on adjudicating the plaintiff's application is in violation of federal law as applied to the plaintiff. Id. at ¶4. She argues that the defendants have not shown good cause for the extension because they state only that they need to "coordinate

with agency personnel" on a response to the complaint, despite having had ten years to adjudicate the plaintiff's asylum application. Id. at ¶¶7–8.

Because the defendants filed their request for extension before the time to answer expired, the court may extend the deadline "for good cause." Fed. R. Civ. P. 6(b)(1)(A). The defendants have not explained how the recent changes in USCIS policies would affect their ability to answer the complaint, only that additional time is needed to "coordinate" a response, despite these policy changes taking effect prior the filing of the plaintiff's complaint. Given the amount of time the plaintiff's asylum application has been pending and the minimal showing of cause, the court will not grant the defendants the full sixty-day extension they request. The court will grant the defendants a thirty-day extension of time to respond. Any further extension request must be supported by a showing of good cause for the specific length of time requested.

The court **GRANTS IN PART** the defendants' motion for extension of time. Dkt. No. 7.

The court **ORDERS** that the defendants must file an answer or responsive pleading by the end of the day on **May 4, 2026**.

Dated in Milwaukee, Wisconsin this 3rd day of April, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3