YELENA YUSTIZ ANDUEZA,

*Plaintiff,*

v.                                                    Case No. 26-cv-2

DEPARTMENT OF HOMELAND
SECURITY, *et al.,*

*Defendants.*

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER FED R. CIV. P. 12(b)(1)

### INTRODUCTION

Plaintiff Yelena Yustiz Andueza seeks to compel United States Citizenship and Immigration Services (USCIS) to adjudicate her application for asylum. She alleges her wait is an unreasonable delay of agency action in violation of the Administrative Procedure Act (APA) and Mandamus Act. But the Court lacks subject matter jurisdiction over both claims.

First, 8 U.S.C. § 1252(a)(2)(B)(ii), a jurisdiction-stripping provision of the Immigration and Nationality Act (INA), precludes judicial review of discretionary immigration actions, including the pace of adjudication of asylum applications. Indeed, the only INA provisions that address the pace of asylum adjudication, 8 U.S.C. § 1158(d)(5)(A)(ii) and (iii), allow USCIS to exceed the recommended timeframes in exceptional circumstances. This is discretionary language. Thus, § 1252(a)(2)(B)(ii)'s

1

jurisdictional bar applies.

Second, the Court independently lacks jurisdiction over Plaintiff's APA claim. The APA's judicial review provision expressly does not apply where "statutes preclude judicial review" or when the relevant agency actions are "committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2).

Third, the Court lacks jurisdiction over Plaintiff's Mandamus Act claim because mandamus jurisdiction is unavailable "when the underlying statute expressly disclaims a private right of action." *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 56 (S.D.N.Y. 2020). The INA expressly disclaims a private right of action with respect to the pace of asylum adjudications. 8 U.S.C. § 1158(d)(7).

Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's complaint, and it should be dismissed. Fed. R. Civ. P. 12(b)(1).

## **LEGAL BACKGROUND**

The INA permits any alien who is physically present in the United States to apply for asylum. 8 U.S.C. § 1158(a)(1). "The Secretary of Homeland Security . . . *may* grant asylum to an alien who has applied for asylum in accordance with the requirements and procedures established by the Secretary of Homeland Security . . . if the Secretary of Homeland Security . . . determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title." 8 U.S.C. § 1158(b)(1)(A) (emphasis added).

"[I]n the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an

2

application is filed," and "final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." *Id.*, § 1158(d)(5)(A)(ii), (iii). However, the same section also provides, "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7); *see also Cayiroglu v. Mullin*, No. 25 C 11453, 2026 WL 1146589, at *3 (N.D. Ill. Apr. 28, 2026) ("No court has recognized a right to an asylum decision within 180 days of filing an application given section 1158(d)(7)….").

## FACTUAL BACKGROUND

According to the complaint, Yustiz Anduesa is a native of Venezuela who came to the United States on August 14, 2015. ECF 1 at ¶ 3. She alleges that, on January 26, 2016, she filed a Form I-589, Application for Asylum and Withholding of Removal with USCIS. *Id.* She attended a biometrics appointment in February 2016 and completed her interview on August 22, 2024. *Id.* at ¶¶ 15-16. Since then, she claims, she has "received no notice from her case." *Id.* at ¶ 16.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) raises the defense that the district court lacks subject matter jurisdiction over the case. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). This defense can take the form of a facial or a factual attack—a facial attack, like this one, challenges whether the allegations establish that the court has subject matter jurisdiction. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th

Cir. 2009).  The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But a court "need not accept as true statements of law or unsupported conclusory factual allegations." *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

## ARGUMENT

### I. 8 U.S.C. § 1252(a)(2)(B)(ii) Precludes Jurisdiction Over Plaintiff's Complaint as Pace of Asylum Adjudication is Committed to the Agency's Discretion.

Courts generally do not possess jurisdiction to review decisions regarding the issuance of immigration benefits "unless expressly authorized by law." *Dep't of State v. Munoz*, 602 U.S. 899, 907 (2024) (quoting *U.S. ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950)).  Section 1252(a)(2)(B)(ii), a jurisdiction-stripping provision of the INA, provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), ... and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security *the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security*, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). In other words, courts are "barred from

4

exercising jurisdiction by two elements: (1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151–138[2]).” *Joshi v. Garland*, 728 F. Supp. 3d 1028, 1033 (D. Neb. 2024). Included in that range of statutes specifying discretion is 8 U.S.C. § 1158, which permits but does not require granting asylum. The text makes plain that the “Secretary of Homeland Security . . . *may* grant asylum to an alien who has applied for asylum in accordance with the requirements and procedures established by the Secretary of Homeland Security . . . if the Secretary of Homeland Security . . . determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title.” 8 U.S.C. § 1158(b)(1)(A). By stating the agency “may” grant asylum, § 1158 sets out the discretionary authority necessary to trigger § 1252(a)(2)(B)(ii)’s jurisdictional bar. *Cf. Biden v. Texas*, 597 U.S. 785, 802 (2022) (the word “may” “clearly connotes discretion”); *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573–74 (7th Cir. 2017) (“[A] decision to revoke a previously approved visa … is expressly discretionary, and therefore § 1252(a)(2)(B)(ii) precludes review.”).

In addition to barring review of the Secretary’s discretionary decision whether to grant asylum, Section 1252(a)(2)(B)(ii) also precludes review of a challenge to the pace of asylum application adjudications because, as explained below, that is also left to the agency’s discretion.

###### A. The Timeframes for Adjudicating Asylum Applications Provided in the INA Are Discretionary.

The INA instructs USCIS to conduct the initial asylum interview within 45 days after filing and to complete adjudication within 180 days after filing. 8 U.S.C. §§

1158(d)(5)(A)(ii), (iii).  But Congress expressly conferred upon USCIS the discretion to exceed the 45-day and 180-day timeframes whenever "exceptional circumstances" arise. *Id.* This provision confers discretion upon USCIS and, as such, brings the pace of asylum adjudication within the purview of § 1252(a)(2)(B)(ii)'s jurisdictional bar. *See Cayiroglu*, 2026 WL 1146589, at *3-5; *see also Daniel v. Mayorkas*, No. 20-cv-1099, 2021 WL 4355355, *3 (E.D. Va. Sept. 23, 2021) ("[T]he pace at which the Secretary adjudicates asylum actions is subject to § 1252(a)(2)(B)(ii)'s jurisdictional bar and cannot be reviewed in court."); *Tangmoh v. Mayorkas,* No. 21-cv-2792, 2022 WL 1538627, *4 (D. Md. May 16, 2022) ("[T]he Court finds that the pace at which USCIS adjudicates its asylum applications is left to the discretion of the agency.  Because discretionary acts are precluded from judicial review under the INA . . . this Court lacks jurisdiction to review Plaintiff's claims); *Ma v. Jaddou*, No. 22-cv-4210, 2022 WL 17254783, at *3 (C.D. Cal. Sept. 26, 2022) ("[8 U.S.C. § 1158(d)(5)(A)(iii)] thus vests at least some degree of discretion to USCIS not to adjudicate an asylum application within 180 days."); *Hamza v. Mullin*, No. 25-cv-1710, 2026 WL 809855 at *1 (N.D. Tex. March 24, 2026) ("Because the timing of asylum adjudication falls within the discretion of the Secretary of Homeland Security, the INA cannot confer jurisdiction over this matter.").

Importantly, as observed in *Cayiroglu*, Congress did not set any penalties for the agency's failure to schedule an interview or to adjudicate an application within the aspirational statutory timeframes of Sections 1158(d)(5)(A)(ii) and (iii). *See generally,* 8 U.S.C. § 1158(d); *Cayiroglu*, 2026 WL1146589, at *3; *see also United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 64-65 (1993) ("Under our precedents, the failure of Congress

6

to specify a consequence for noncompliance with the timing requirements of 19 U.S.C. §§ 1602–1604 implies that Congress intended the responsible officials administering the Act to have discretion.").

Moreover, Congress emphasized the discretionary nature of the pace of asylum adjudication provisions under 8 U.S.C. § 1158(d)(5)(A)(ii) and (iii) when it explicitly made the timeframes legally unenforceable "against the United States or its agencies or officers or any other person" by "any party." 8 U.S.C. § 1158(d)(7). Indeed, Congress's denial of a private right of action under 8 U.S.C. § 1158(d)(7) applies to the entirety of 8 U.S.C. § 1158(d), the subsection devoted to "[a]sylum procedure." *Id.* This further evinces Congress's grant of discretionary authority to USCIS in affirmative asylum procedures, including the pace of adjudication.

Congress's omission of the word 'discretion' does not change this. It does not need to use of the word "discretion" to statutorily confer discretion to an agency. *See Polfliet v. Cuccinelli*, 955 F.3d 377, 381-82 (4th Cir. 2020) (recognizing that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of decisions specified to be discretionary, but that the applicable statute "need not literally contain the word 'discretion' in order to 'specify' discretion"); *Daniel*, 2021 WL 4355355, at *3 ("Even if the asylum application's statutory regime does not expressly dictate that the pace of adjudications is "discretionary," 8 U.S.C. § 1158, *et seq.*, it is apparent that USCIS enjoys broad discretion regarding how swiftly such decisions are made."); *Cayiroglu*, 2026 WL 1146589, at *3.

While the applicable regulations states that "USCIS shall adjudicate the claim of each asylum applicant whose application is complete [and properly filed]," it goes on

7

to say, "[i]n all cases, such proceedings shall be conducted in accordance with section 208 of the Act [*i.e.*, 8 U.S.C. § 1158]." 8 C.F.R. § 208.9. That is, all asylum adjudications are to be conducted in accordance with the very statutory provision in which Congress gave the agency discretion to determine the pace of asylum application adjudications. *See Thigulla v. Jaddou*, 94 F.4th 770, 776 (8th Cir. 2024) (agency practice or regulations do not make decisions reviewable where a statute specifies that they are wholly discretionary) (citing *Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099 (8th Cir. 2016)).

Finally, although 8 U.S.C. § 1252(a)(2)(B)(ii) includes an exception for "the granting of relief under section 1158(a) of this title," that does not apply to Plaintiff's complaint; here Plaintiff does not seek review of a decision granting or denying asylum under § 1158(a), but rather the acceleration of USCIS's pace of asylum adjudication, which is governed by § 1158(d).[1] The procedural steps that applicants and the agency must complete, such as fingerprinting, background checks, and an interview with an asylum officer, are quite separate from the final eligibility and discretion determinations that an applicant receives at the end of the multi-phase adjudication process. *See* 8 C.F.R. §§ 208.9, 208.10; USCIS, *The Affirmative Asylum Process*, https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/the- affirmative-asylum-process (last updated Dec. 9, 2025); *cf. Ruiz v. Bondi*, 163 F.4th 586, 596 (9th Cir. 2025) (examining legislative history and finding that "prior to IIRIRA, § 1158(a) had a broader focus that included both application procedure and discretionary relief"); *Safadi v. Howard*, 466 F. Supp. 2d 696, 699 (E.D. Va. 2006) ("[I]t is clear that 'action' in §

---

[1] *See*

1252(a)(2)(B)(ii) encompasses the *entire* process of reviewing an adjustment application, including the completion of background and security checks and the pace at which the process proceeds.").

B.      **The Conclusion that this Court Cannot Review a Challenge to the Pace of Plaintiff's Asylum Adjudication Accords With Seventh Circuit and Other Caselaw Stripping Courts of Jurisdiction Over the Pace of Adjudication of Other Immigration Benefits as Discretionary**

In *Soni v. Jaddou*, 103 F. 4th 1271 (7th Cir. 2024), the Seventh Circuit recently held that it lacked jurisdiction to review the pace of adjudication of a discretionary waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(B)(v). The language relied upon in § 1182(a)(9)(B)(v) — "[n]o court shall have jurisdiction to review a decision or action regarding a waiver under this clause" — is nearly identical to the language in § 1252(a)(2)(B)(ii) — "no court shall have jurisdiction to review - any other decision or action of the Attorney General or Secretary of Homeland Security . . ." *Compare* § 1182(a)(9)(B)(v) *with* § 1252(a)(2)(B)(ii).

The logic of *Soni* applies here. *See Cayiroglu*, 2026 WL 1146589 at \*4-5 (noting that, while applicability of Section 1251(a)(2)(B)(ii) to asylum application was a novel issue for the court, "the weight of authority interpreting section 1252(a)(B)(ii) in the manner argued by defendants here is overwhelming"); *Lobatos v. Noem*, 25-cv-01223, 2025 WL 1651220, at \*5 (N.D. Ill. June 11, 2025) ("[a]s the Court explained in *Soni* in the application for waiver context, USCIS's timing in adjudicating an application is properly considered an 'action'") (citing *Soni*, 103 F.4th at 1273).

This also accords with the approach of numerous courts holding that 8 U.S.C.

§ 1252(a)(2)(B)(ii) strips jurisdiction over the pace of adjudication of certain other immigration benefits. For example, the Third, Fifth, Eighth, and Eleventh Circuits have held that Section 1252(a)(2)(B)(ii) strips courts of jurisdiction to review USCIS's pace of adjudication of applications for adjustment of status under 8 U.S.C. § 1255. *See Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1126 (2025) ("the discrete acts undertaken to render an adjustment decision and the timing of those acts are determined by the Attorney General in his discretion, and that discretionary action cannot be reviewed by federal courts."); *see also Geda v. USCIS*, 126 F.4th 835 (3d Cir. 2024); *Thigulla v. Jaddou*, 94 F.4th 770 (8th Cir. 2024); *Kanapuram v. USCIS*, 131 F.4th 1302 (11th Cir. 2025).[2]

The broad trend among courts recognizing the discretionary nature of adjudicative actions, including the pace of such actions, in an immigration setting strongly compels a finding that the present matter is not suitable for judicial review under the INA.

## II. The APA's Judicial Review Provisions Expressly Exclude Discretionary Agency Actions and Those For Which Review is Otherwise Precluded by Statute.

As provided above, Defendants submit that 8 U.S.C. § 1252(a)(2)(B)(ii)'s jurisdiction-stripping provision is itself dispositive in this case. But an analysis of the APA and Supreme Court precedent likewise demonstrates that the Court independently

---

[2] Numerous district courts have held the same. *See, e.g.*, *Guliyev v. USCIS*, 24-cv-2418, 2025 WL 2025 1898670 (N.D. Tx., July 9, 2025) (adjustment of status); *Khachutorov v. Bitten*, 792 F. Supp. 3d 1106 (C.D.C.A. July 23, 2025) (adjustment of status); *Patel v. Noem*, 788 F.Supp. 3d 950 (N.D. Il. June 26, 2025) (U-visa bona fide determinations); *Haydary v. Garland*, No. 24-cv-836, 2024 WL 4880406, *5 (E.D. Mo. Nov. 25, 2024) (humanitarian parole); *Ziae v. Garland*, No. 24-cv-1122, 2024 WL 5171622, *3 (N.D. Tex. Nov. 8, 2024) (humanitarian parole).

lacks jurisdiction over Plaintiff's APA claim because judicial review is statutorily precluded and Congress has committed the pace of adjudication of asylum applications to USCIS's discretion.

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA defines "agency action" to include "failure to act." 5 U.S.C. § 551(13). Where agency action is "unlawfully withheld or unreasonably delayed," the court "shall compel agency action." 5 U.S.C. § 706(1). However, to the extent that "statutes preclude judicial review" or "agency action is committed to agency discretion by law," the APA does not apply. 5 U.S.C. §§ 701(a)(1), (2). Here, the Court lacks jurisdiction over Plaintiff's claims because (1) the agency action at issue is committed to agency discretion by law, and (2) the INA precludes judicial review.

### A. The Timeframes for Adjudicating Asylum Applications Provided in the INA Are Discretionary.

To establish the Court's jurisdiction over her APA claim, Plaintiff bears the burden to demonstrate that there exists some action that USCIS must take within a set time. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). In her petition, Plaintiff points to language within 8 U.S.C. § 1158(d)(5)(A)(ii) and (iii) that sets forth 45-day and 180-day timeframes for the interviewing and adjudication of asylum applications. ECF 1, at ¶ 9. But, as explained above, the same statute also conferred upon USCIS the discretion to exceed these timeframes in "exceptional circumstances," thereby giving them the effect of aspirational targets rather than mandatory deadlines. 8 U.S.C. §§

11

1158(d)(5)(A)(ii), (iii). And—as Plaintiff herself concedes[3]—in the only subsection of the INA that addresses pace of asylum adjudication, Congress explicitly made these timeframes legally <u>un</u>enforceable "against the United States or its agencies or officers or any other person" by "any party." 8 U.S.C. § 1158(d)(7).

As an initial matter, Defendants acknowledge that many courts have exercised subject-matter jurisdiction over APA claims concerning the adjudication of asylum claims and applied the six-part reasonableness test under *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d. 70 (D.C. Cir. 1984). *See e.g. Arbzada v. Donis*, 725 F.Supp.3d 1 (D.D.C. 2024) (finding that "even if the INA did not provide a mandatory and nondiscretionary duty" § 555(b) of the APA imposes a general duty on Government to reach a decision on immigration applications "within a reasonable period"); *Yilmaz v. Jaddou*, 697 F.Supp.3d 951, 957 (C.D.Ca. 2023) (holding that "[t]he 'exceptional circumstances' exception to the deadline does not mean Defendants can leave applications hanging in perpetuity"). Defendants respectfully ask that the Court join other districts—including at least one within this circuit—in rejecting such an approach. *See, e.g., Cayiroglu*, 2026 WL 1146589 at *3 (finding that APA does not confer jurisdiction over claim regarding alleged delay in adjudication of asylum application as "the language of section 1158 grants the Secretary discretion in adjudicating asylum applications"); *Gah v. Dept. Of Homeland Security*, No. 25-cv-898, 2026 WL 757299 at *6 (D. Md. Mar. 18, 2026) ("While Congress has set forth a timeframe for adjudication of asylum applications…this timeframe does not create a clear non-discretionary duty to

---

[3] ECF 1 at ¶ 25.

act as Plaintiff demands").

The Supreme Court has interpreted 5 U.S.C. § 701(a)(2) to "preclude judicial review of certain categories of administrative decisions that courts traditionally have regarded as 'committed to agency discretion.'" *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993). The Court has further clarified that:

> Review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion. In such a case, the statute ("law") can be taken to have "committed" the decisionmaking to the agency's judgment absolutely. This construction avoids conflict with the "abuse of discretion" standard of review in § 706—if no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for "abuse of discretion."

*Heckler v. Chaney* 470 U.S. at 830. When applied to the INA's provisions regarding asylum procedures, it is noteworthy that Congress declined to grant any legal rights to applicants or to impose any penalties on the agency in the event of USCIS failing to comply with the statutory target timeframes. Such an omission, the Supreme Court has held, "implies that Congress intended the responsible officials administering the Act to have discretion…" *United States v. Jones Daniel Good Real Prop.*, 510 U.S. 43, 64-65 (1993). The clear language of 8 U.S.C. § 1158(d)(7) regarding the non-enforceability of asylum pacing targets is further evidence of this Congressional intent.

In sum, because Congress committed the pace of asylum adjudication to USCIS's discretion by law and expressly precluded judicial review thereof under 8 U.S.C. § 1158(d)(7), this Court lacks jurisdiction over Plaintiff's APA claim and should dismiss it.

**B.    The INA Precludes Judicial Review of the Timing of Asylum**

**Adjudications.**

As explained above, Congress explicitly made the INA's timeframes legally unenforceable "against the United States or its agencies or officers or any other person" by "any party." 8 U.S.C. § 1158(d)(7); *Salar v. USCIS*, No. 23-cv-1997, 2023 WL 8716579 at *3 (need to identify court/date) (holding that Section 1158(d)(7) forecloses district court review of allegedly unreasonable asylum adjudication delay pursuant to 5 U.S.C. § 701(a)(2)). In addition, the fact that Congress committed the pace of asylum adjudication to USCIS's discretion ensures that the claims Plaintiff raises fall squarely within the INA's jurisdiction-stripping provision in 8 U.S.C. § 1252(a)(2)(B)(ii). As such, judicial review is precluded by statute, and Plaintiff is ineligible for the requested relief under the APA. 5 U.S.C. §§ 701(a)(1).

## III. The Court Lacks Jurisdiction Over Plaintiff's Mandamus Act Claim Because the Statute Disclaims a Private Right of Action.

Under 28 U.S.C. § 1361, the Mandamus Act provides courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof *to perform a duty owed* to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Importantly, that duty is only owed if Plaintiff has a clear right to the relief sought. *U.S. ex rel. Girard Tr. Co. v. Helvering*, 301 U.S. 540, 543 (1937). And "[i]t is beyond serious dispute that mandamus pursuant to § 1361 is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action." *Fangfang Xu*, 434 F. Supp. 3d at 56 (citations omitted).

But that is precisely the case here. The asylum provision states "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). For exactly this reason, courts nationwide have dismissed similar mandamus claims on the pace of adjudication of asylum applications. *See, e.g.*, *L.M. v. Johnson*, 150 F. Supp. 3d 202, 209-11 (E.D.N.Y. 2015); *Pesantez*, 2015 WL 5475655, at *2-3; *Liuqing Zhu v. Cissna*, No. CV 18-9698 PA (JPRX), 2019 WL 3064458, at *3 (C.D. Cal. Apr. 22, 2019); *Elmustafa v. U.S. Citizenship & Immigr. Servs.*, No. 23-CV-2061-AJB-AHG, 2024 WL 3571728, at *4 (S.D. Cal. July 29, 2024); *Gjeluci v. Chertoff*, No. 05 Civ. 72451 (GCS), 2005 WL 1801989, at *1 (E.D. Mich. July 25, 2005); *Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1176 (N.D. Cal. 2023); *see also Pesic v. Perryman*, No. 99 C 3792, 1999 WL 639194, at *5 (N.D. Ill. Aug. 17, 1999) ("Where there is no private right of action under a statute, mandamus is not available.").

Moreover, relief under the Mandamus Act is even less available where, as here, the plaintiff alleges that USCIS has failed to perform the discretionary act of accelerating adjudication of his asylum application. *See, e.g.*, *Esquivel v. Lehman*, No. 23-CV-02930-AGT, 2024 WL 2242441, *1 (N.D. Cal. Apr. 16, 2024) ("The asylum backlog is principally a matter for Congress to confront. Asylum applicants don't have a right to have their cases resolved within a particular period of time."); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("Mandamus . . . is intended to provide a remedy for a plaintiff only if the defendant owes him a clear *nondiscretionary* duty.") (emphasis added). Finally, "where relief sought via mandamus is duplicative of that sought under the APA, the

court must dismiss the petition for writ of mandamus." *Ebrahimi v. Blinken*, 732 F. Supp. 3d 894, 908 (N.D. Ill. 2024).

Accordingly, the Court lacks subject matter over Plaintiff's mandamus claim.

## **CONCLUSION**

For these reasons, the Court lacks subject matter jurisdiction over Plaintiff's claims and the complaint should be dismissed under Rule 12(b)(1).

Dated at Milwaukee, Wisconsin this 30th day of April, 2026.

Respectfully submitted,

*/s/ Stuart Gilgannon*

STUART GILGANNON
Special Assistant United States Attorney
Wisconsin Bar No. 1066362
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1745
Fax: (414) 297-4394
stuart.gilgannon@usdoj.gov

*Attorney for Defendants*